(107 App. Div. 335.)

COUDERT et al. v. UNDERHILL et al., Highway Com'rs.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

1. NAVIGABLE WATERS—RIGHT OF UPLAND OWNER TO REACH.
    An owner of upland has no right to trespass on the land of another for the purpose of reaching the navigable waters beyond.

2. SAME—DEEDS—TITLE TO LANDS UNDER WATER.
    A grant of lands described by metes and bounds carries with it lands under water within the bounds.

3. SAME—ROYAL GRANT—LANDS INCLUDED.
    The Andros patent, dated September 29, 1677, includes the lands between high and low water mark, and substantially all of the waters of Oyster Bay Harbor.

4. TOWNS—OWNER OF FEE OF HIGHWAY—REMOVAL OF OBSTRUCTIONS.
    A town owning the fee of a highway has the right to determine that it shall not be used for any purpose other than that of a highway, and to order the removal of obstructions thereon.

5. SAME—HIGHWAY COMMISSIONERS—INJUNCTION.
    Highway commissioners have the right to remove · obstructions in a highway, and a court of equity is not justified in restraining them in behalf of a trespasser merely because they do not appear in the suit in their official capacity.

Appeal from Special Term, Nassau County.

Action by Frederic R. Coudert, prosecuted after his death during the pendency of the action by Frederic R. Coudert and another, as executors of and trustees under his will, against Edward M. Underhill and others, highway commissioners of the town of Oyster Bay. From a judgment dissolving a temporary injunction and dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Townsend Scudder (R. W. Kellogg, on the brief), for appellants.
George B. Stoddart, for respondents.

WOODWARD, J. Frederic R. Coudert brought this action against the defendants, highway commissioners of the town of Oyster Bay, to restrain them from carrying out a resolution of the town board directing the removal of a dock which the plaintiff had constructed in order that he might reach the navigable portion of Oyster Bay from his upland, bounded by high-water line. Mr. Coudert died during the pendency of the action, and it is continued in the name of his executors and trustees. Upon the trial of the action at Special Term, the learned court held that the fee of the lands, between high and low water lines in front of the plaintiff's premises, was in the town of Oyster Bay, under the provisions of the Andros patent, dated September 29, 1677; and, if this is a fact, there must be an end of the case, for obviously the plaintiff could not have the right to trespass upon the premises of the town of Oyster Bay, any more than he could have the right to trespass upon the lands of any other owner of the fee.

This same question was before the court in Trustees of Brook-

haven v. Smith, 98 App. Div. 212, 90 N. Y. Supp. 646, and we there held that the owner of the upland had no right to trespass upon the property of the town for the purpose of reaching the navigable waters which lay beyond, and we see no reason for changing the opinion there expressed. It is true, of course, that in Thousand Island Steamboat Co. v. Visger, 179 N. Y. 206, 210, 71 N. E. 764, the broad proposition, resting upon high authority, is made that the proprietors of lands upon navigable waters are entitled to the right of access to the navigable part of the river, and to the right to make a landing, wharf, or pier for their own use, or for the use of the public, subject to such general rules and regulations as the Legislature may see proper to impose for the protection of the rights of the public, whatever these may be; but this rule rests upon the assumption that the title to such lands is either in the owner of the upland or in the state, and has no reference to a situation where the fee of the soil between high and low water mark is in an individual or corporation. In such a case the erection of any structure, without the consent of the owner, is a trespass, and to hold that the plaintiff in this action could have the right to trespass, would be to deprive the owner of the fee of an interest in lands without due process of law. The question presented, therefore, is whether the town of Oyster Bay is the owner in fee of the lands between high and low water mark in front of the plaintiff's premises, and while it must be admitted that the evidence in support of such title is not as clear and distinct in this case as might be desirable, that question has been at rest so long in this state that it will not be disturbed except upon a very clear demonstration to the contrary.

In Rogers v. Jones, 1 Wend. 237, 255, 19 Am. Dec. 493, the plaintiff raised the contention that the town of Oyster Bay had no right of property in the lands where certain oysters were taken, because the right of soil beneath the water in the harbor of Oyster Bay never passed by the terms of the patent, and the court passing upon this particular contention, which was essential to a proper disposition of the cause, say:

"It cannot be doubted that, when a patent or grant conveys a tract of land by metes and bounds, the land under water, as well as other land, will pass, if the land under water lies within the bounds of the grant. A contrary doctrine would exclude the lands under the water of lakes and streams not navigable. Scarcely a patent ever issued by this state that does not include one or the other; and as far as I know no question has ever been raised on this ground."

This case, though often cited, has never been questioned upon the principle which it asserts, in this state. De Lancey v. Piepgras, 138 N. Y. 26, 36, 33 N. E. 822, and authorities there cited. It is recognized as the law that a grant of lands described by metes and bounds carries with it lands under water within those bounds, and it can hardly be doubted that the boundaries described in the Andros patent are broad enough to include the lands between high and low water mark, as well as substantially all of the waters of Oyster Bay Harbor, where the plaintiff has constructed his dock.

The learned court at Special Term found, likewise, that there was

an existing public highway along the shore between high and low water mark; but in the view we take of this case there is no need of determining this question. The town of Oyster Bay owns the fee of the lands upon which the plaintiff has erected this dock, and the plaintiff can have no standing in a court of equity to prevent the defendants from removing this structure. The town board has ordered the removal; and the defendants, who happen to be the highway commissioners, are acting under the direction of the board as the agents of the town. If there is a highway, and the evidence would justify such a finding, the town is still the owner of the fee of such highway, and it has a right to say that it shall not be used for any purpose other than that of a highway. Likewise, if the highway exists, the defendants, as highway commissioners, have a right to remove the obstruction, and a court of equity would not be justified in restraining them in behalf of a trespasser merely because they do not technically appear in this action in their official capacity. We think that this case cannot be distinguished in principle from that of Trustees of Brookhaven v. Smith, supra, and it follows that the judgment appealed from should be affirmed.

The judgment should be affirmed, with costs. All concur.